IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD CAIN,

    Plaintiff,

  v.

MICHAEL ASTRUE, Commissioner of Social Security,

    Defendant.
                                      /

No. C 11-02343 WHA

**ORDER GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this social security action, pro se plaintiff appeals the denial of disability benefits. For reasons stated below, plaintiff's motion for summary judgment is **DENIED**, and defendant's motion for summary judgment is **GRANTED**.

## STATEMENT

In January 2008, plaintiff Ronald Cain applied for disability benefits, alleged that he was unable to work due to sarcosis, lesions, breathing problems, and a broken wrist (AR 52, 56, 113, 120). After a hearing, Administrative Law Judge Thomas Gaye found that Cain was not disabled (AR 12–19). Specifically, Judge Gaye found that while Cain had severe degenerative disc disease, sarcoidosis (inflammation of lymph nodes), and chronic obstructive pulmonary disease, he still had the residual functional capacity to perform light work with no exposure to dust, fumes, or gases. In March 2011, the appeals council denied Cain's request for review (AR 1–3).

Cain filed an appeal with this Court and is proceeding pro se. Cain was given multiple extensions to the deadline for filing his motion for summary judgment due to logistical difficulties in sending him the administrative record and to give him time to retain counsel. Ultimately unable to find attorney representation, Cain proceeded to file his motion for summary judgment pro se. The Commissioner opposed and filed a cross-motion for summary judgment.

**ANALYSIS**

There is a five-step evaluation for determining disability. *First*, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. *Second*, the ALJ evaluates whether the claimant has a medically severe impairment or combination of impairments. *Third*, the ALJ considers whether the impairment or combination of impairments meets or equals any listed impairment in the regulations. *Fourth*, the ALJ assesses whether the claimant is capable of performing his past relevant work based on his residual functional capacity. *Fifth*, the ALJ examines whether the claimant can perform any other jobs in the national economy.

> [The reviewing court] will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The evidence must be more than a mere scintilla but not necessarily a preponderance. The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record . . . The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination.

*Tommasetti v. Astrue*, 533 F.3d 1035, 1038–39 (9th Cir. 2008) (citations omitted).

Cain, proceeding pro se, raises two arguments on appeal: *First*, that Judge Gaye was "bias[ed] against low income and the poor [and] even more to people of color" and, *second*, that the Commissioner's consulting physician, Dr. Frank Chen, conducted a flawed medical examination (Br. 2–3). Plaintiff, however, fails to cite any facts in the record to support of his

2

contentions. Based on a review of the administrative record, this order finds that substantial evidence supported Judge Gaye's decision to deny benefits.

Judge Gaye acknowledged that Cain had not performed substantial gainful activity and that he had degenerative disc disease, sarcoidosis, and chronic obstructive pulmonary disease (AR 14). Nonetheless, Judge Gaye found that these impairments did not meet any listed impairment in 20 C.F.R., Part 404, Subpart P, Appendix 1, which otherwise would have allowed a finding of disability without considering age, education, and work experience (AR 15). Judge Gaye's finding was proper as most of the listed impairments in Appendix 1 are either permanent or expected to result in death; for Cain, substantial medical evidence showed that his symptoms were non-permanent and responsive to medication, as discussed below.

Judge Gaye assessed Cain's residual functional capacity, which is "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Relying on medical records, physician opinions, and Cain's own statements about his daily activities, Judge Gaye found that Cain was able to perform light work with no exposure to dust, fumes, or gases (AR 15–17).

In particular, Judge Gaye considered Cain's lung function tests, which showed only moderate airway obstruction that was significantly reduced with medical inhalers (AR 16, 206–08, 283, 307). He also considered the examination findings of consultative examiner, Dr. Frank Chen, M.D., who found normal range of motion in Cain's neck, back, hip, knee, ankle, shoulders, wrists, fingers, and thumbs (AR 16, 280–81). Dr. Chen also opined that Cain could lift up to 50 pounds occasionally and 25 pounds frequently and could walk, sit, and stand up to 6 hours in an 8-hour day but should avoid exposure to chemicals, fumes, and dust (AR 281). Judge Gaye also considered Cain's daily activities, which included cooking, cleaning, washing dishes, spending time with his two grown children, driving, shopping for groceries, visiting with friends, and attending social events (AR 17, 33–35, 40, 279).

Based on substantial evidence, Judge Gaye rejected Cain's contention that he was unable to work again. Judge Gaye properly considered gaps in Cain's medical treatment that would have unnecessarily exacerbated symptoms, noting that Cain did not consistently treat his

3

1   symptoms for the past three years (AR 17). Medical reports demonstrated that Cain continued to
2   smoke despite his breathing problems, was not taking anti-inflammatory medication for
3   sarcoidosis, and did not use medical inhalers to relieve shortness of breath (AR 17, 38, 307, 312).
4       Judge Gaye rejected the opinion of a treating healthcare provider, nurse practitioner
5   Hwaseung Lee, who opined that Cain could walk or stand just 0 to 1 hours at one time and not
6   for more than two hours total in an eight-hour day (AR 17, 324). An ALJ may disregard the
7   opinion of a treating doctor if specific, legitimate reasons supported by substantial evidence are
8   given. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Here, Judge Gaye gave
9   specific and legitimate reasons for disregarding Nurse Lee's short, one-page opinion. *First*, Cain
10  testified to having no continuous treating relationship with Nurse Lee, having seen her only once
11  (AR 17, 33–34, 324). *Second*, Judge Gaye also determined that Nurse Lee's opinion was
12  contrary to objective clinical findings and Cain's own admissions of his daily activities. To
13  repeat, Cain admitted that he cooked, cleaned, washed dishes, spent time with his two grown
14  children, drove, shopped for groceries, visited with friends, and attended social events (AR
15  33–35, 40, 279). Clinical findings showed that Cain only had moderate COPD responsive to
16  medication and untreated sarcoidosis. X-rays showed mild degenerative changes of joint space
17  in Cain's hands but no indication of erosion, fracture or dislocation (AR 282). *Third*, Nurse
18  Lee's one-page report only contained summary conclusions without explaining why Cain would
19  not have been able to walk or stand for more than one hour at a time (AR 324).
20      Therefore, after finding that Cain was able to perform light work with no exposure to
21  dust, fumes, or gases, Judge Gaye denied disability benefits because Cain was able to find work
22  in the national economy (AR 18–19). In sum, to repeat, there is nothing in the record to support
23  Cain's allegations that Judge Gaye was biased against low-income people. But to the contrary,
24  Judge Gaye's ruling was objectively reasoned and supported by substantial evidence.

4

**CONCLUSION**

For the reasons stated above, the Commissioner's motion for summary judgment is **GRANTED**. Cain's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 16, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5